MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue 2A
New York, New York 10075
Tel: 323.790.4881
Email:  MiriamTauberLaw@gmail.com

DAVID LOPEZ, ESQ. DL-6779
Attorney for Plaintiff
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel: 631.287.5520
Fax: 631.283.4735
Email: DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON RUBENSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> vTv THERAPEUTICS INC., <br><br> Nominal Defendant, <br><br> – and – <br><br> RONALD O. PERELMAN and MACANDREWS & FORBES INC., <br><br> Defendants. | Case No. 1:15-cv-9752-VSB <br><br> ECF Case <br><br> **FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. §  78p(b)** <br><br><br> **JURY TRIAL DEMANDED** |

**AARON RUBENSTEIN**, by Miriam Tauber, Esq. and David Lopez, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of vTv THERAPEUTICS INC. (the "Company"), a Delaware Corporation with principal offices at 4170 Mendenhall Oaks Parkway, High Point, North Carolina 27265.

3. At all times relevant the Class A Common Stock of vTv THERAPEUTICS INC. was registered under Sections 12(g) of the Act and was and is traded on NASDAQ through market makers and facilities located within this district.

4. This action is brought in the right and for the benefit of vTv THERAPEUTICS INC. which is named as a party defendant solely in order to have all necessary parties before the Court.

5. At all times relevant RONALD O. PERELMAN and MACANDREWS & FORBES were and are beneficial owners of more-than-10% of the Class A Common Stock of vTv THERAPEUTICS INC., both directly and through his and its ownership of Nonvoting Common Units and Class B Common Stock, the latter convertible into Class A Common Stock.

6. RONALD O. PERELMAN and MACANDREWS & FORBES both have offices or are found at 35 East 62nd Street, New York, New York 10065.

**STATUTORY REQUISITES:**

7.   The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8.   Demand for prosecution was made on vTv THERAPEUTICS INC. on September 29, 2015. More than 60 days have expired with vTv THERAPEUTICS INC. not having recovered the profits at issue and its legal counsel having disputed, in writing, that such profits exist.  Further delay in the filing of suit would be a futile gesture.

9.   Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York through market makers located within the District or through the facilities of NASDAQ, a National Securities Exchange located within the District. Both RONALD O. PERELMAN and MACANDREWS & FORBES have offices, are domiciled and are found within the District.

10.   This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

11.   RONALD O. PERELMAN and MACANDREWS & FORBES sold 1,344,186 shares, more or less, of the Class A Common Stock of vTv THERAPEUTICS INC beneficially owned by them and by each of them on August 26, 2015, by transferring them in satisfaction of a prior debt or obligation that could, at their volition, have been settled in cash or in kind.

12.     RONALD O. PERELMAN and MACANDREWS & FORBES purchased 30,000 shares of vTv THERAPEUTICS INC. Class A Common Stock or its derivative equivalents on August 7, 2015; an additional 10,000 such shares or share equivalents on August 10, 2015; an additional 24,000 such shares or share equivalents on September 22, 2015; an additional 40,000 such shares or share equivalents between September 25 and 28, 2015; and 30,000 shares on October 1 and 2, 2015, the purchases at prices lower than the sales described in Paragraph 11.

13.     On October 1, 2015, pursuant to an Agreement and Plan of Merger of that date, RONALD O. PERELMAN and MACANDREWS & FORBES, directly and/or through entities owned and controlled by them and in which they have a pecuniary interest, acquired: (i) 5,462 shares of Class B Common Stock of vTv THERAPEUTICS, INC. (owners of such shares are entitled to one vote per share, but no economic interest in the Company); and: (ii) a corresponding number of Nonvoting Common Units (which reflect economic interest in the Company but no voting rights). Such shares of Class B Common Stock may be exchanged at any time, together with a corresponding Nonvoting Common Unit, for shares of Class A Common Stock (which entitle holders to both economic interest and voting rights), on a one-for-one basis, or alternatively, at the option of the issuer, for cash based on the market price of the shares of Class A Common Stock.

14.     The acquisition described in Paragraph 13 constitutes a "purchase" by RONALD O. PERELMAN and MACANDREWS & FORBES under Section 16(b) of 5,462 shares of Class A Common Stock on October 1, 2015, which may be matched with the lower-priced sales described in Paragraph 11 to yield profits recoverable by vTv THERAPEUTICS INC.

15.     RONALD O. PERELMAN and MACANDREWS & FORBES purchased 15,000 shares of the common stock of vTv THERAPEUTICS INC. Class A common stock or its

derivative equivalents on December 18, 2015; an additional 5,000 such shares or share equivalents on January 12, 2016; and 10,000 such shares or share equivalents on January 13, 2016, the purchases at prices lower than the sales described in Paragraph 11.

16. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from RONALD O. PERELMAN as each of their pecuniary interests may be determined through discovery. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $296,710.

17. Such profits are recoverable on behalf of vTv THERAPEUTICS INC. by Plaintiffs as shareholders of vTv THERAPEUTICS INC., the latter having failed and refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

18. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

19. RONALD O. PERELMAN and MACANDREWS & FORBES, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of vTv THERAPEUTICS INC. within periods of less than six months of each other while more-than-10% beneficial owners of vTv THERAPEUTICS INC. including but not limited to the transactions pleaded in the FIRST CLAIM FOR RELEIF.

20. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of vTv THERAPEUTICS INC., RONALD O. PERELMAN and

MACANDREWS & FORBES each realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of vTv THERAPEUTICS INC.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring RONALD O. PERELMAN and MACANDREWS & FORBES to account for and to pay over to vTv THERAPEUTICS INC. the short-swing profits realized and retained by them and each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements including reasonable attorneys, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: New York, New York
January 18, 2016

Yours, etc.

*s/ Miriam Tauber*

_____
Miriam Tauber, Esq.
*Attorney for Plaintiff*