MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue 2A
New York, New York 10075
Tel: 323.790.4881
Email:  MiriamTauberLaw@gmail.com

DAVID LOPEZ, ESQ. DL-6779
Attorney for Plaintiff
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel: 631.287.5520
Fax: 631.283.4735
Email: DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON RUBENSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> vTv THERAPEUTICS INC., <br><br> Nominal Defendant, <br><br> – and – <br><br> RONALD O. PERELMAN and MACANDREWS & FORBES INC., <br><br> Defendants. | Case No. 1:15-cv-9752-VSB <br><br> ECF Case <br><br> **SECOND AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** <br><br> **JURY TRIAL DEMANDED** |

**AARON RUBENSTEIN**, by Miriam Tauber, Esq. and David Lopez, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

1

**THE PARTIES:**

2. Plaintiff is a security owner of vTv THERAPEUTICS INC. ("vTv Therapeutics" or the "Company"), a Delaware Corporation with principal offices at 4170 Mendenhall Oaks Parkway, High Point, North Carolina 27265.

3. At all times relevant the Class A Common Stock of vTv Therapeutics was registered under Sections 12(g) of the Act and was and is traded on NASDAQ through market makers and facilities located within this district.

4. This action is brought in the right and for the benefit of vTv Therapeutics, which is named as a party defendant solely in order to have all necessary parties before the Court.

5. At all times relevant RONALD O. PERELMAN and MACANDREWS & FORBES (collectively, "Defendants") were and are beneficial owners of more-than-10% of the Class A Common Stock of vTv Therapeutics, both directly and through his and its ownership of Nonvoting Common Units and Class B Common Stock, the latter convertible into Class A Common Stock.

6. Defendants both have offices or are found at 35 East 62nd Street, New York, New York 10065.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. Demand for prosecution was made on vTv Therapeutics on September 29, 2015. More than 60 days have expired with vTv Therapeutics not having recovered the profits at issue

and its legal counsel having disputed, in writing, that such profits exist.  Further delay in the filing of suit would be a futile gesture.

9. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York through market makers located within the District or through the facilities of NASDAQ, a National Securities Exchange located within the District. Both Defendants have offices, are domiciled and are found within the District.

10. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

11. Upon the initial public offering ("IPO") of the Company's securities on July 29, 2015, Defendants became obligated to sell 1,344,186 shares, more or less, of the Class A Common Stock of vTv Therapeutics, which Defendants had received in connection with the IPO, to a third party. The happening of the IPO constituted the fulfillment of one of several alternative contingencies or conditions precedent giving rise to Defendants' obligation to sell securities to the third party under a pre-existing agreement between Defendants and the third party.

12. The fixing of the obligation to sell vTv Therapeutics securities upon the IPO referenced in Paragraph 11, converted Defendants' conditional or contingent contractual obligation with respect to the sale of vTv Therapeutics securities to the third party into a derivative security, characterized as a "put equivalent" position under applicable SEC Rules, and deemed a "sale" of securities under Section 16(b) at the time of the IPO on July 29, 2015.

13.     The price at which the 1,344,186 shares of vTv Common stock were deemed sold by Defendants on July 29, 2015 under Section 16(b) is the contemporaneous market price of vTv securities at the time of the IPO, i.e., the IPO price of $15.00 per share.

14.     Defendants engaged in the following open market purchases of vTv Therapeutics Class A Common Stock within a period of less than six months following the July 29, 2015 IPO and deemed sale by Defendants described in Paragraphs 11-13, above:

| Date of Purchase | Number of Shares | Purchase Price Per Share |
| --- | --- | --- |
| Aug. 4, 2015 | 40,000 | $10.00 |
| Aug. 4, 2015 | 30,000 | $10.00 |
| Aug. 5, 2015 | 30,000 | $10.00 |
| Aug. 7, 2015 | 30,000 | $8.86 |
| Aug. 10, 2015 | 10,000 | $8.66 |
| Sept. 22, 2015 | 24,000 | $6.82 |
| Sept. 25. 2015 | 10,000 | $6.49 |
| Sept. 28, 2015 | 25,555 | $5.77 |
| Sept. 28, 2015 | 4,445 | $6.54 |
| Oct. 1, 2015 | 15,000 | $6.11 |
| Oct. 2, 2015 | 15,000 | $6.42 |
| Dec. 18, 2015 | 15,000 | $6.40 |
| Jan. 12, 2016 | 5,000 | $6.39 |
| Jan. 13, 2016 | 10,000 | $6.43 |
| Jan. 15, 2016 | 10,000 | $6.58 |

15. In addition to the purchases identified in Paragraph 14, above, on October 1, 2015, pursuant to an Agreement and Plan of Merger of that date, Defendants, directly, indirectly, and/or through entities owned and controlled by them and in which they have a pecuniary interest, acquired the right to purchase 5,462 shares of Class A Common Stock, through their acquisition of 5,462 shares of Class B Common Stock of vTv Therapeutics, together with a corresponding number of accompanying Nonvoting Common Units. Class B shares provided holders with one vote per share but no economic interest in the Company; and the Nonvoting Common Unit accompanying each Class B share provided economic interest in the Company, but no voting rights. Shares of Class B Common stock, when surrendered along with their accompanying Nonvoting Common Units, could be exchanged at any time for shares of Class A Common Stock—which provided owners with the combination of the voting rights of the Class B shares exchanged, with the economic interests of the equivalent number of accompanying Nonvoting Common Units surrendered in the exchange. Accordingly, each of the 5,462 Class B shares acquired by Defendants on October 1, 2015 could be exchanged at any time for Class A shares on a one-for-one basis; or, alternatively, at the option of the issuer, exchanged for cash based on the market price of the shares of Class A Common Stock.

16. Each share of Class B Common Stock plus accompanying Nonvoting Common Unit acquired by Defendants, as described in Paragraph 15 above, constitutes a derivative security—more specifically, a "call equivalent" position under applicable SEC Rules. Defendants' acquisition of 5,462 Class B shares on October 1, 2015 is deemed a "purchase" by Defendants under Section 16(b) of the total of 5,462 shares of Class A Common Stock into which the Class B Common Stock and Nonvoting Common Units could together be converted or exchanged.

17.     Under applicable SEC Rules, the deemed "purchase" price at which Defendants "purchased" the 5,462 shares of Class A Common Stock on October 1, 2015 under Section 16(b), as described in Paragraph 16 above, is the contemporaneous market price of vTv Class A Common Stock on that date—or approximately $6.11 per share, as also reflected in the separate October 1, 2015 purchase by Defendants listed in the table in Paragraph 14, above.

18.     The purchases described in Paragraphs 14-17 above may be matched with the sale described in Paragraphs 11-13 above, using the "lowest-in, highest out" method, to yield profits recoverable from Defendants to the extent of each of their respective pecuniary interests as may be determined through discovery. The precise amounts of such profits are unknown to Plaintiff, but are estimated to approximate a total of $1,954,640.

19.     Such profits are recoverable on behalf of vTv Therapeutics by Plaintiff as a shareholder of vTv Therapeutics, the latter having failed and refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

20.     This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

21.     Defendants, acting during periods not barred by the statute of limitations measured from the date of the filing of the original Complaint in this suit, purchased and sold or sold and purchased equity securities or equity security equivalents of vTv Therapeutics within periods of less than six months of each other while more-than-10% beneficial owners of vTv Therapeutics including but not limited to the transactions pleaded in the FIRST CLAIM FOR RELIEF.

22. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of vTv Therapeutics, Defendants each realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of vTv Therapeutics.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring RONALD O. PERELMAN and MACANDREWS & FORBES, jointly and severally, to account for and to pay over to vTv THERAPEUTICS INC. the short-swing profits realized and retained by them and each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements including reasonable attorneys, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated: New York, New York
       March 29, 2016

                                              Respectfully submitted,
                                              s/ Miriam Tauber
                                              _____
                                              Miriam Tauber, Esq.
                                              *Attorney for Plaintiff*